IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

ALEXANDER BRADY,
    Plaintiff,

v.

JEFFREY LOWER, *et al.*,
    Defendants.

Case No. 1:25-cv-01329-JEH

**Order**

    Plaintiff Alexander Brady, proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was detained at the Tazewell County Justice Center ("Jail") (Doc. 1). This case is before the Court for a merit review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in the Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**I**

    Plaintiff files suit against Tazewell County Sheriff Jeffrey Lower, Jail Superintendent Mike Harper, Deputy Jail Superintendent Dave Harper,

1

Correctional Officer Justin Bauer, and Jail Operations Supervisors Trent Strunk, Matt Kirk, Mark Wells, and Aaron Hoffman.

Plaintiff's Complaint is akin to a log or diary of various issues at the Jail between June 8, 2025 and August 3, 2025.

On June 8, 2025, Plaintiff alleges an unidentified correctional officer denied him access to the law library, and Defendant Bauer allegedly denied him access to the grievance procedure.

On June 13, 2025, Defendants Bauer and Wells allegedly prohibited Plaintiff from sending certified mail. Plaintiff alleges Defendant Bauer refused to identify his badge number and denied him access to the grievance procedure.

On June 27, 2025, Defendant Bauer allegedly threatened the pod during the morning meal and "refuse[d] to replace a faulty pair of socks." (Doc. 1 at p. 6). After Plaintiff submitted a grievance, Defendant Bauer allegedly said: "Brady you are walking a thin line." *Id.*

On June 30, 2025, Plaintiff filed a grievance regarding undercooked rice, which had caused diarrhea.

On July 1, 2025, Plaintiff requested various addresses, including the address of the federal courthouse. Plaintiff alleges Defendant Dave Harper provided the address for the Tazewell County Courthouse and refused to provide the other addresses.

On July 1-3, 2025, Plaintiff alleges he was served undercooked rice. On July 5, 2025, Plaintiff alleges correctional officer Collins notified Defendant Kirk about the undercooked rice, but Defendant Kirk refused to take action.

Between July 12-26, 2025, Plaintiff claims he was denied access to the law library and copies of forms.

On July 28, 2025, Plaintiff alleges he grieved being served undercooked rice. Defendant Wells took a picture of the rice, and no alternative was offered.

Defendant Hoffman answered Plaintiff's grievance on July 29, 2025. When Plaintiff asked Defendant Hoffman why no alternative food was provided, Defendant Hoffman allegedly told Plaintiff "to add it to [his] lawsuit." *Id.* at p. 8.

On August 3, 2025, Defendant Wells allegedly directed the kitchen to prepare more food because the lunch meal was too small. Plaintiff claims this shows more food could have been provided previously.

## II

Plaintiff's claims against Defendants Bauer, Wells, Kirk, Hoffman, and Dave Harper are not properly joined in one lawsuit. Unrelated claims against the same Defendant may be joined in one action, but different Defendants can be joined in one action only if the claims against them arise from the same series of transactions or occurrences. Fed. R. Civ. P. 18, 20; *Kadamovas v. Stevens*, 706 F.3d 843, 846 (7th Cir. 2013) (court "can require the plaintiff 'to file separate complaints, each confined to one group of injuries and defendants.'") (quoted cite omitted); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions."); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits….").

Plaintiff named Jeffrey Lower, Mike Harper, and Trent Strunk as Defendants, but he did not include any allegations against them in his Complaint. Regarding Sheriff Lower, § 1983 does not allow actions against individuals based on their supervisory role of others. Individual liability under § 1983 can only be based upon a finding that the defendant caused the deprivation alleged. *Vance v.*

3

*Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation.").

Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE as a violation of Federal Rules of Civil Procedure 18 and 20. The Court will give Plaintiff leave to file an Amended Complaint within thirty days from the entry of this Order. If Plaintiff fails to file a timely Amended Complaint, or if the Amended Complaint fails to state a claim for relief, his case will be dismissed with prejudice.

### III

Finally, Plaintiff filed a Motion to Request Counsel asking the Court to appoint an attorney to represent him. (Doc. 4). "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). When evaluating a request for counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007).

Demonstrating a reasonable attempt to obtain counsel "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (citing *Davis v. Moroney*, 857 F.3d 748, 753 (7th Cir. 2017)). A plaintiff normally makes this showing by filing copies of letters sent to several attorneys seeking assistance, along with copies of the responses they received from the attorneys they contacted. *See Olson*, 750 F.3d at 711.

Plaintiff states he mailed letters to three law firms to request representation on July 24, 2025, and attached copies of the letters to his motion. However, Plaintiff

did not indicate if he received a response. Plaintiff has not demonstrated a reasonable attempt to secure his own lawyer. Therefore, Plaintiff's motion is denied with leave to renew. If Plaintiff renews his motion, he is directed to list additional attorneys he contacted, indicate whether he received a response to his letters, and attach copies of any responses he received.

**IT IS THEREFORE ORDERED:**

**1) According to the Court's merit review under 28 U.S.C. § 1915A, Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE as a violation of Federal Rules of Civil Procedure 18 and 20. Plaintiff shall have 30 days from the entry of this Order to file an Amended Complaint. Plaintiff's Amended Complaint will replace Plaintiff's original Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. If Plaintiff fails to file a timely Amended Complaint, or if the Amended Complaint fails to state a claim, this matter will be dismissed with prejudice.**

**2) Plaintiff's Motion to Request Counsel [4] is DENIED.**

**3) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and, if released from detention, Plaintiff's phone number. Failure to do so will result in dismissal of this case, with prejudice.**

*It is so ordered.*

Entered: October 7, 2025

s/Jonathan E. Hawley
U.S. District Judge