IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

ALEXANDER BRADY,
    Plaintiff,

v.

JEFFREY LOWER, *et al.*,
    Defendants.

Case No. 1:25-cv-01329-JEH

**Merit Review Order**

    Plaintiff Alexander Brady, proceeding *pro se*, filed an Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was detained at the Tazewell County Justice Center ("Jail"). (Doc. 12). This case is before the Court for a merit review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A. The Court must "screen" Plaintiff's Amended Complaint and dismiss any legally insufficient claim or the entire action if warranted. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in the Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

I

    Plaintiff files suit against Tazewell County Sheriff Jeffrey Lower, Jail Superintendent Mike Harper, Deputy Jail Superintendent Dave Harper, Jail

Operations Supervisors Trent Strunk, Aaron Hoffman, Mark Wells, and Matt Kirk, Kitchen Supervisor Barb, the Tazewell County Sheriff's Office, and Trinity Services Group, Inc. Plaintiff did not name Correctional Officer Justin Bauer as a Defendant in his Amended Complaint. Therefore, Defendant Bauer is dismissed without prejudice.

Plaintiff alleges he was served undercooked rice, beans, and meat several times between June 30, 2025 and December 3, 2025. Plaintiff alleges the food was inedible and caused diarrhea and other digestive issues.

On July 5, 2025, Correctional Officer Aaron Collins notified Defendant Kirk about the undercooked rice, but Defendant Kirk refused to take action.

On July 28, 2025, Defendant Wells took pictures of the undercooked food, but no action was taken.

Defendant Hoffman responded to Plaintiff's grievance regarding the undercooked food. When Defendant Hoffman was conducting a PREA compliance check, Plaintiff asked him why no alternative nourishment was offered. Defendant Hoffman allegedly told Plaintiff to "add it to [his] lawsuit." (Doc. 12 at p. 4).

On August 3, 2025, Defendant Wells was notified there were inadequate portions on the lunch trays. Defendant Wells ordered kitchen staff to prepare more food, which was then served. Plaintiff states this "goes to show that alternative nourishment could have been offered when one of the main portions of a meal was inedible." *Id.* at pp. 4-5.

Plaintiff alleges all the named Defendants, who are responsible for detainees' health and safety, were made aware of the issues but failed to take action.

II

A pretrial detainee's conditions of confinement claim arises under the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). A different standard applies as, while convicted prisoners may be subjected to punishment short of cruel and unusual, pretrial detainees may not be punished at all. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 350 (7th Cir. 2018). "Pretrial detainees stand in a different position: they have not been convicted of anything, and they are still entitled to the constitutional presumption of innocence. Thus, the punishment model is inappropriate for them." *Id*. (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 400 (2015)); *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Under this standard, a pretrial detainee need only establish that the defendant's conduct was objectively unreasonable, not that defendant was subjectively aware that it was unreasonable. *Miranda*, 900 F.3d at 352. Even under the objective standard, however, the defendant's actions must be deliberate, purposeful, or knowing; negligence is not enough. *Kingsley*, 576 U.S. at 396.

"An adverse condition amounts to a constitutional deprivation when it results in the denial of a basic human need, such as 'adequate food, clothing, shelter, and medical care.'" *Smith v. Dart*, 803 F.3d 304, 309-10 (7th Cir. 2015) (internal citations omitted). "The Constitution mandates that prison officials provide inmates with 'nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it.'" *Id*. at 312 (quoting *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985)); *see also Prude v. Clark*, 675 F.3d 732, 734 (7th Cir. 2012) ("sickening food" causing weight loss, vomiting, stomach pains, and possible anal fissure would violate Eighth Amendment). Based on Plaintiff's allegations, the Court finds he has stated a Fourteenth Amendment conditions-of-

confinement claim against Defendants Kirk, Wells, and Hoffman based on their alleged denial or disregard of his complaints about the undercooked, inedible food he was served between June 30, 2025 and December 3, 2025.

Plaintiff named Tazewell County Sheriff Jeffrey Lower, Jail Superintendent Mike Harper, Deputy Jail Superintendent Dave Harper, Jail Operations Supervisor Trent Strunk, and Kitchen Supervisor Barb as Defendants, but Plaintiff did not include any specific allegations to demonstrate that Defendants were personally involved in any constitutional deprivation. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). There is no *respondeat superior* under § 1983. In other words, Defendants cannot be liable solely based on their supervisory roles. *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). Officials are accountable for their own acts; they are not vicariously liable for the conduct of subordinates. *See Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009); *Vance v. Rumsfeld*, 701 F.3d 193, 203-05 (7th Cir. 2012) (en banc). If prison officials are named, they must be named in their individual capacities, and Plaintiff must allege that the official personally participated in the deprivation or was deliberately reckless as to the misconduct of subordinates or was aware and condoned, acquiesced, or turned a blind eye to it. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Defendants Jeffrey Lower, Mike Harper, Dave Harper, Trent Strunk, and Barb are dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

Finally, Plaintiff named the Tazewell County Sheriff's Office and Trinity Services Group, Inc. as Defendants, but he did not include any specific allegations regarding these Defendants in his Amended Complaint. Therefore, they are also dismissed without prejudice under Rule 12(b)(6) and § 1915A.

## III

Plaintiff filed a renewed Motion to Request Counsel asking the Court to appoint an attorney to represent him. (Doc. 11). "There is no right to court-

4

appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). When evaluating a request for counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007).

Plaintiff states he mailed letters to ten law firms and received a response from only one attorney, who declined to represent him. (Doc. 11 at p. 9). The Court finds Plaintiff has demonstrated a reasonable attempt to obtain counsel.

Plaintiff states he has no legal training, limited access to the law library, and fears Jail staff will retaliate against him for filing this lawsuit. Thus far, Plaintiff's pleadings have been coherent and supported by accompanying exhibits. There is no indication that he has any physical or psychological condition that might impair his ability to litigate this case himself. The Court finds Plaintiff appears competent to litigate this case himself, especially at this early stage of the litigation process. Plaintiff's Motion to Request Counsel is DENIED.

**IT IS THEREFORE ORDERED:**

1) According to the Court's Merit Review of Plaintiff's Amended Complaint under 28 U.S.C. § 1915A, the Court finds Plaintiff has stated a Fourteenth Amendment conditions-of-confinement claim against Defendants Kirk, Wells, and Hoffman based on their alleged denial or disregard of his complaints about the undercooked, inedible food he was served between June 30, 2025 and December 3, 2025. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2) Defendants Jeffrey Lower, Mike Harper, Dave Harper, Trent Struck, Justin Bauer, Barb, the Tazewell County Sheriff's Office, and Trinity Services

Group, Inc. are DISMISSED WITHOUT PREJUDICE for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A. The Clerk is directed to TERMINATE Defendants Jeffrey Lower, Mike Harper, Dave Harper, Trent Strunk, and Justin Bauer.

3) Plaintiff's Motion to Request Counsel [11] is DENIED.

4) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5) The Court will attempt service on Defendants by mailing a waiver of service. If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendants and will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

6) Defendants shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' position. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered. If Defendants have not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After

Defendants have been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

7) If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of Defendants' forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

8) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9) Defendants' counsel is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Defendants' counsel shall arrange the time for the deposition.

10) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11) Plaintiff shall be provided a copy of all pertinent medical records upon request.

12) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

13) The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

*It is so ordered.*

Entered: December 18, 2025

s/Jonathan E. Hawley
U.S. District Judge