E-FILED
Wednesday, 19 August, 2026 02:18:12 PM
Clerk, U.S. District Court, ILCD

**IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

ALEXANDER BRADY,
Plaintiff,

v.

MIKE KIRK, *et al.*,
Defendants.

Case No. 1:25-cv-01329-JEH

**Order**

Plaintiff, proceeding *pro se*, filed an Amended Complaint under 42 U.S.C. § 1983 alleging a Fourteenth Amendment conditions of confinement claim against Defendants Jail Operations Supervisors Mike Kirk, Mark Wells, and Aaron Hoffman based on the undercooked, inedible food Plaintiff was served at the Tazewell County Justice Center ("TCJC") between June 30, 2025 and December 3, 2025. Before the Court is Defendants' Rule 12(b)(1) Motion to Strike Injunctive Reliefs Sought by the Plaintiff (Doc. 39), Plaintiff's Motion for Extension of Discovery Deadlines (Doc. 41), Plaintiff's Motion Renewing his Request for Voluntary Appointment of Counsel (Doc. 43), and Plaintiff's Motion Seeking Issuance of Subpoena (Doc. 44).

**I**

Plaintiff filed an Amended Complaint on December 11, 2025. (Doc. 12). In the prayer for relief, Plaintiff requested "[t]ermination of the Trinity Services employee 'Barb'" and "[t]ermination of the Trinity Services contract with [the] county." *Id.* at p. 5. Subsequently, Plaintiff was sentenced and placed in the custody of the Illinois Department of Corrections ("IDOC"). Plaintiff is currently incarcerated at Jacksonville Correctional Center ("Jacksonville"). (Doc. 36).

On July 24, 2026, Defendants filed a "Rule 12(b)(1) Motion to Strike Injunctive Reliefs Sought by the Plaintiff" asking the Court to strike and dismiss Plaintiff's claims for injunctive relief with prejudice. (Doc. 39). Defendants argue that Plaintiff's request for injunctive relief is moot because he is no longer detained at the TCJC.

Plaintiff filed a Response in opposition. (Doc. 42). Plaintiff argues that if Defendants' Motion is granted, the Court should dismiss his request for injunctive relief without prejudice to allow him to reinstate his request in an amended complaint, if necessary.

Prayers for relief are not claims and cannot be dismissed pursuant to Rule 12(b). *Jumpfly, Inc. v. Torling*, No. 10 C 0385, 2010 WL 1978732, at *6 n.1 (N.D. Ill. May 17, 2010). As a result, the Court will construe Defendants' Motion as a motion to strike Plaintiff's prayer for injunctive relief under Federal Rule of Civil Procedure 12(f). *Id.* (citing *See v. Strunk*, No. 06-2064, 2006 WL 2916819, at *9 (C.D. Ill. Oct. 10, 2006)).

According to the IDOC's online records, Plaintiff is incarcerated at Jacksonville, and his projected parole date is April 1, 2027. INDIVIDUAL IN CUSTODY SEARCH, http://www.idoc.illinois.gov/offender/ inmatesearch.html (last visited Aug. 18, 2026). Plaintiff is no longer incarcerated at the TCJC, where the alleged events occurred. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (finding that injunctive relief was no longer available because plaintiff was transferred to a different prison). Plaintiff also did not demonstrate a realistic possibility of returning to the TCJC and being subjected to the same conditions. *Id.* Therefore, the Court finds that Plaintiff's request for injunctive relief is moot. Defendants' Motion is GRANTED IN PART and DENIED IN PART. Plaintiff's request for injunctive relief is stricken pursuant to Rule 12(f).

**II**

Plaintiff filed a Motion for Extension of Discovery Deadlines requesting additional time to complete discovery. (Doc. 41). Plaintiff states he sent a request for production of documents to defense counsel on June 11, 2026, but Defendants did not respond. On July 20, 2026, Plaintiff sent a letter to defense counsel requesting a response to his discovery requests, to no avail. Plaintiff also states he is awaiting copies of documents that Defendants received in response to subpoenas. Plaintiff states he only has access to the law library for one hour each week. Plaintiff anticipates he will be released before January 1, 2027, due to earned good conduct credit. Upon his release, Plaintiff states he can examine records, perform depositions, and hire counsel.

Plaintiff requests an extension of time until March 1, 2027 to complete discovery. Alternatively, Plaintiff requests a 90-day extension. Defendants' response to Plaintiff's Motion was due on August 17, 2026, but no response was filed. Under the circumstances, the Court finds that Plaintiff has demonstrated good cause for an extension. Plaintiff's Motion is GRANTED. The discovery deadline is reset for March 1, 2027, and the dispositive motion deadline is reset for March 31, 2027.

**III**

Plaintiff filed a "Motion Renewing Plaintiff's Request for Voluntary Appointment of Counsel" asking the Court to appoint an attorney to represent him. (Doc. 43). "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). When evaluating a request for counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007).

The Court previously found Plaintiff made a reasonable attempt to obtain counsel. Plaintiff states he needs an attorney to assist with written discovery and depositions. Plaintiff also states he has limited access to the law library, as library hours are held during the same time as his college vocational course. Plaintiff states he intends to file a Second Amended Complaint naming additional Defendants. Finally, Plaintiff asserts other inmates are interested in joining this lawsuit and creating a class action.

Thus far, Plaintiff's pleadings have been coherent and supported by accompanying exhibits. There is no indication that Plaintiff has any physical or psychological condition that might impair his ability to litigate this case himself. Discovery closes on March 1, 2027, and dispositive motions are due on March 31, 2027. If Defendants have not responded to Plaintiff's request for production of documents, Plaintiff may file a Motion to Compel. The Court finds Plaintiff appears competent to litigate this case himself, especially at this stage of the litigation process. Plaintiff's Motion is DENIED.

**IV**

Plaintiff filed a Motion Seeking Issuance of Subpoena pursuant to Federal Rule of Civil Procedure 45 requesting the issuance of a subpoena for the Tazewell County Sheriff's Office ("TCSO"). (Doc. 44). Plaintiff seeks the following:

1. Roster of all active Correctional Officers within the TCSO from 01/01/2025-04/01/2026
2. Roster of all employees and/or contractors working within the kitchen/food preparation areas of the TCJC from 01/01/2025-04/01/2026
3. Roster of all individuals in custody of the TCJC from 01/01/2025-04/01/2026
4. Roster of all "Tenders" more commonly known in the corrections industry as "Trustees" from 01/01/2025-04/01/2026

5. Any/all duty rosters, or staff deployment records showing where staff were posted from 01/01/2025-04/01/2026
6. Menus showing what food was served from 01/01/2025-04/01/2026
7. Any/all emails, text messages, photographs, staff reports, notes, and memorandum concerning food service from 01/01/2025-04/01/2026
8. All video footage, including but not limited to body worn cameras, and facility cameras showing conversations about food service, and food being served with the TCJC from 01/01/2025-04/01/2025
9. Plaintiff's records retained by the TCSO, including but not limited to, disciplinary records, grievances, reports, and internal memorandum
10. All grievances filed concerning food service within the TCJC from 01/01/2025-04/01/2026
11. All disciplinary records concerning "Tenders" from 01/01/2025-04/01/2026
12. All rules and regulations of the TCJC from 01/01/2025-04/01/2026
13. Specific roster of "B" pod on the dates of incident involving Defendants
14. Defendants' training records
15. TCSO Mission Statement
16. TCSO Code of Ethics
17. TCSO Custody Manual
18. Any/all codes of conduct, staff rules/regulations, and/or other expectations of conduct from staff from 01/01/2025-04/01/2026
19. Any/all emails, text messages, photographs, staff reports, notes, and memorandum concerning Plaintiff from 01/01/2025-04/01/2026.

Plaintiff argues this information will help him identify additional defendants, potential witnesses, and other detainees' complaints from the period directly before he was detained at the TCJC until after his release. Plaintiff also

states the information will help him prepare an amended complaint and pursue further litigation.

Federal Rule of Civil Procedure 45 governs the use of subpoenas. Rule 45(a) permits a party to issue a subpoena directing a non-party to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." FED. R. CIV. P. 45(a)(1)(A)(iii). The ability to use subpoenas is not unlimited. *Little v. JB Pritzker*, No. 18 C 6954, 2020 WL 193958, at *1 (N.D. Ill. Apr. 22, 2020). Rule 45 instructs courts that they "must protect" non-parties "from significant expense resulting from compliance" with a subpoena. FED. R. CIV. P. 45(d)(2)(B)(ii); *see United States v. Amerigroup, Ill. Inc.*, No. 02 C 6074, 2005 WL 3111972, at *2 (N.D. Ill. Oct. 21, 2005) (finding that Rule 45 commands the protection of non-parties from undue burden).

The Court has a duty "to supervise an *in forma pauperis* party's litigation to the end of preventing abuse of the court's process and the privileges granted him under § 1915, [an] authority [that] extends to screening an indigent party's requests for issuance and service of subpoena *duces tecum* on non-parties." *Jackson v. Brinker*, No. 91-471, 1992 WL 404537, at *7 (S.D. Ind. Dec. 21, 1992). A Court may deny the issuance of a subpoena to a non-party if the subpoenaed materials would be frivolous, immaterial, unnecessary, or unduly burdensome. *Id*. at *7. Furthermore, an indigent plaintiff may not shift discovery costs to a non-party. *Westbrook v. M-R P'ship*, No. 07-140, 2008 WL 711866, at *2 (N.D. Ind. Mar. 14, 2008).

Plaintiff was permitted to proceed on a conditions of confinement claim against Jail Operations Supervisors Kirk, Wells, and Hoffman based on inedible, undercooked food between June 30, 2025 and December 3, 2025. However, in his Motion, Plaintiff seeks a subpoena for various documents, videos, emails, text messages, and photographs from January 1, 2025 through April 1, 2026. Plaintiff's

requests are overly broad, and the time period is unreasonable. Plaintiff also did not demonstrate that he sought the requested information from Defendants, and if he did so, whether Defendants were unable to provide it. Therefore, Plaintiff's Motion is DENIED. If Plaintiff renews his Motion, he must explain why the information he seeks is necessary to his claims, whether he sought the information from Defendants, and if he did so, whether Defendants were unable to provide it.

**IT IS THEREFORE ORDERED:**

1) Defendants' Motion to Strike Injunctive Reliefs Sought by Plaintiff [39] is GRANTED IN PART and DENIED IN PART. Plaintiff's requests for injunctive relief in his Amended Complaint are stricken pursuant to Federal Rule of Civil Procedure 12(f).

2) Plaintiff's Motion for Extension of Discovery Deadlines [41] is GRANTED. The discovery deadline is RESET for March 1, 2027, and the dispositive motion deadline is RESET for March 31, 2027.

3) Plaintiff's Motion Renewing Plaintiff's Request for Voluntary Appointment of Counsel [43] is DENIED.

4) Plaintiff's Motion Seeking Issuance of Subpoena [44] is DENIED.

*It is so ordered.*

Entered: August 19, 2026

s/Jonathan E. Hawley
U.S. District Judge