E-FILED
Wednesday, 21 October, 2026 09:33:56 AM
Clerk, U.S. District Court, ILCD

**IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

ALEXANDER BRADY,
Plaintiff,

v.

MIKE KIRK, *et al.*,
Defendants.

Case No. 1:25-cv-01329-JEH

**Order**

Plaintiff, proceeding *pro se*, filed an Amended Complaint under 42 U.S.C. § 1983 alleging a Fourteenth Amendment conditions of confinement claim against Defendants Jail Operations Supervisors Mike Kirk, Mark Wells, and Aaron Hoffman based on the undercooked, inedible food Plaintiff was served at the Tazewell County Justice Center ("TCJC") between June 30, 2025, and December 3, 2025. Before the Court is Plaintiff's Motion Requesting Copies of Filed Documents (Doc. 47) and Motion Seeking Issuance of Subpoena (Doc. 48). For the reasons stated below, Plaintiff's Motion Requesting Copies of Filed Documents is DENIED, and Plaintiff's Motion Seeking Issuance of Subpoena is GRANTED IN PART and DENIED IN PART.

**I**

Plaintiff filed a Motion Requesting Copies of Filed Document asking the Court to direct the Clerk to provide him with copies of his Complaint and Amended Complaint and to add the cost for the copies to the amount he owes for the filing fee. (Doc. 47). The charge for copies is $0.50 per page, and Plaintiff may contact the Clerk's Office to request and pay for any copies he desires. Plaintiff's Motion is DENIED.

## II

Plaintiff filed a renewed Motion Seeking Issuance of Subpoena requesting the issuance of a subpoena for the Tazewell County Sheriff's Office ("TCSO") pursuant to Federal Rule of Civil Procedure 45. (Doc. 48). Plaintiff seeks the following information:

1. Roster of all active Correctional Officers within the TCSO from 6/30/2025-12/3/202[5].

2. Roster of all employees and/or contractors working within the kitchen/food preparation areas of the TCJC from 6/30/2025-12/3/202[5].

3. Roster of all individuals in custody of the TCJC from 6/30/2025-12/03/2025.

4. Roster of all "Tenders" more commonly known as "Trustees" within the correctional field that worked for the TCSO/TCJC from 6/30/2025-12/3/2025.

5. Staff deployment records showing where staff were assigned to work, specifically Correctional Officers assigned posts from 6/30/2025-12/3/2025.

6. Menus showing what food was served to those in custody of TCSO from 6/30/2025-12/3/2025.

7. Any/all emails, text messages, photographs, staff reports, notes, memorandum, or any other form of communication concerning food preparation, food service, and specifically undercooked food served from 6/30/2025-12/3/2025.

8. All Body Worn Camera footage, and facility camera footage showing food being prepared, food being served, and any complaints or conversations concerning food from 6/30/2025-12/3/2025.

9. All of ALEXANDER J. BRADY's, dob xx/xx/1997, (plaintiff) records from the TCJC.

10. All grievances filed concerning food service within the TCJC from 6/30/2025-12/3/2025.

11. Rules and Regulations within the TCJC from 6/30/2025-12/3/2025, specifically to include the "Detainee Rules and Regulations Handbook".

12. The 3 current Defendant's [sic] training records.

13. TCSO mission statement.

14. TCSO Code of Ethics.

15. TCSO Custody Manual, Plaintiff is requesting the entire manual, but specifically policies 108, 215, and 515. (These specific policies are requested due to Defendant Hoffman's disciplinary record.)

16. All documents showing staff codes of conduct, rules/regulations, and/or all expections [sic] of conduct of staff with the TCJC.

17. All documents, not limited to notes, memorandum, reports, emails, text messages pertaining to the plaintiff, ALEXANDER J. BRADY from 6/30/2025-12/3/2025.

18. Any/All logs used by the kitchen staff to document food preparation including but not limited to times, and temperatures of food being prepared.

*Id.* at pp. 1-3. Plaintiff argues he will use this information to establish Defendants violated his constitutional rights, to file a second amended complaint alleging claims against the TCSO and multiple employees, and to identify witnesses to Defendants' actions. Plaintiff attached copies of Defendants' responses to his Requests to Produce showing that he requested some of information listed above, but Defendants did not produce any responsive documents. *Id.* at pp. 5-10.

Federal Rule of Civil Procedure 45 governs the use of subpoenas. Rule 45(a) permits a party to issue a subpoena directing a non-party to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." FED. R. CIV. P. 45(a)(1)(A)(iii). The ability to use subpoenas is not unlimited. *Little v. JB Pritzker*, No. 18 C 6954, 2020 WL 193958, at *1 (N.D. Ill. Apr. 22, 2020). Rule 45 instructs courts that they "must protect" non-parties "from significant expense resulting from compliance" with a subpoena. FED. R. CIV. P. 45(d)(2)(B)(ii); *see United States v. Amerigroup, Ill. Inc.*, No. 02 C 6074, 2005 WL 3111972, at *2 (N.D. Ill. Oct. 21, 2005) (finding that Rule 45 commands the protection of non-parties from undue burden).

The Court has a duty "to supervise an *in forma pauperis* party's litigation to the end of preventing abuse of the court's process and the privileges granted him under § 1915, [an] authority [that] extends to screening an indigent party's requests for issuance and service of subpoena *duces tecum* on non-parties." *Jackson v. Brinker*, No. 91-471, 1992 WL 404537, at *7 (S.D. Ind. Dec. 21, 1992). A Court may deny the issuance of a subpoena to a non-party if the subpoenaed materials would be frivolous, immaterial, unnecessary, or unduly burdensome. *Id*. Furthermore, an indigent plaintiff may not shift discovery costs to a non-party. *Westbrook v. M-R P'ship*, No. 07-140, 2008 WL 711866, at *2 (N.D. Ind. Mar. 14, 2008).

At merit review, Plaintiff was permitted to proceed on a Fourteenth Amendment conditions of confinement claim against Defendants Kirk, Wells, and Hoffman based on their alleged denial or disregard of his complaints about the undercooked, inedible food that he was served at the TCJC between June 30, 2025, and December 3, 2025. (Doc. 13 at p. 5). Most of Plaintiff's requests for the TCSO are overly broad, unduly burdensome, and immaterial to his conditions of confinement claim. Instead, it appears that Plaintiff intends to go on a fishing expedition for other claims and Defendants. The Court is required to modify a

subpoena that subjects a non-party to undue burden. *See Malhorta v. CVS Health, Inc.*, No. 24 CV 4769, 2025 WL 3269573, at *1 (N.D. Ill. Jan. 7, 2025) (citing FED. R. CIV. P. 45(d)(3)(A)).

The Court finds that the following requests are relevant to Plaintiff's conditions of confinement claim, limited in time and scope, and are not unduly burdensome. Plaintiff also demonstrated that he sought the information from Defendants by issuing requests to produce under Rule 34, but Defendants did not provide any responsive documents.

(A) Roster of all employees and/or contractors working within the kitchen/food preparation areas of the TCJC from 6/30/2025-12/3/2025.

(B) Menus showing what food was served to those in custody of TCSO from 6/30/2025-12/3/2025.

(C) Any/all emails, text messages, photographs, staff reports, notes, memorandum, or any other form of communication concerning undercooked food served from 6/30/2025-12/3/2025.

(D) All of ALEXANDER J. BRADY's, dob xx/xx/1997, (plaintiff) records from the TCJC.

(E) Rules and Regulations within the TCJC from 6/30/2025-12/3/2025, specifically to include the "Detainee Rules and Regulations Handbook".

(F) Any/All logs used by the kitchen staff to document food preparation including but not limited to times, and temperatures of food being prepared between 6/30/2025-12/3/2025.

Plaintiff's Motion is GRANTED IN PART and DENIED IN PART. The Clerk of Court is directed to send Plaintiff a subpoena form with the address portion

addressed to the Tazewell County Sheriff's Office, 101 S. Capitol St., Pekin, IL 61554, so that Plaintiff may subpoena the information listed in items (A) through (F) above. The subpoena must include an order to produce any and all responsive documents to defense counsel, Eric A. Krumdick, via email at ekrumdic@travelers.com when the documents are provided to Plaintiff.

Plaintiff's request for the Court to direct the U.S. Marshal to serve the subpoena upon the TCSO is denied. It is Plaintiff's responsibility to complete and serve the subpoena, which may be sent by certified mail. *See Ott v. City of Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2012) (may effect service of Rule 45 subpoena through certified mail). Plaintiff is directed to serve the subpoena upon the TCSO within 30 days of this Order.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's Motion Requesting Copies of Filed Documents [47] is DENIED.

2) Plaintiff's Motion Seeking Issuance of Subpoena [48] is GRANTED IN PART and DENIED IN PART. The Clerk is directed to send Plaintiff a subpoena form with the address portion addressed to the Tazewell County Sheriff's Office, 101 S. Capitol St., Pekin, IL 61554. Plaintiff may only subpoena the information listed in items (A) through (F) on page 5 of this Order.

3) The subpoena must include an order to produce any and all responsive documents to defense counsel, Eric A. Krumdick, via email at ekrumdic@travelers.com when the documents are provided to Plaintiff.

4) Plaintiff is directed to serve the subpoena upon Tazewell County Sheriff's Office within 30 days of this Order.

*It is so ordered.*

Entered: October 21, 2026

s/Jonathan E. Hawley
U.S. District Judge